No. 18469—The State, ex rel Merchants Fire Ins. Co. of Indiana, v. Harry L. Conn, Supt. of Insurance of Ohio. In Mandamus.

**WORDS — Legislative interpretation of meaning followed in the courts.**

**FIRE INSURANCE — Division of surplus among policy holders not illegal.**

ROBINSON, J.

1. Where the meaning of words used in certain legislation has been interpreted at the time of enactment by the legislature that enacted it, and such interpretation has thereafter been adhered to by the legislature, courts will not only adopt the legislature's interpretation, but will adopt such interpretation as its interpretation of the same words appearing in similar legislation thereafter enacted upon a similar subject.

2. Neither the inhibition against rebates in Section 8589-1, General Code, nor the provision of that section which forbids fire insurance companies from giving or paying and all persons from receiving as inducements to insurance "any valuable consideration or inducement whatsoever not plainly specified in the policy or contract of insurance" are violated by a provision in a policy that "At the end of the policy year . . . there shall be distributed in cash, such portion of the earned divisible surplus contributed by this policy during such year as the board of directors of this company shall set aside for that purpose," nor does the fact that a fire insurance company has during the years it has transacted business in this state paid annually at the expiration of the policy year, under such clause, as a portion of its "divisible surplus," a sum equal to twenty per cent of the premium paid on each policy, amount to a violation of the provisions of that section.

Writ allowed.

Marshall, C. J., Jones, Matthias, Day and Allen, JJ., Concur. Wanamaker, J. not participating.

---

No. 18237—Howard DeCamp v. The Youngstown Municipal Ry. Co. Error to the Court of Appeals of Mahoning county.

**EMPLOYER AND EMPLOYE—Where employer contracts to carry employe to his work, employment begins when he enters going conveyance—Injury at car stop, on leaving it, is in course of employment and he is remitted to Compensation Act for pay..**

ALLEN, J.

1. Where an employe contracts to carry an employe to and from his work, the employment begins when the employe enters the conveyance to go to the place of work.

2. An employe of a street railway who was injured at the car stop where he left the street car in order to go to his employment, having been conveyed to his work on the street car as a part of the contract of employment, is injured in the course of his employment and is remitted to the Workmen's Compensation Act for compensation.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating.

---

No. 18139—Philip Arnold v. Myra W. Arnold. Error to the Court of Appeals of Cuyahoga county.

**PLEADING — Need allege only operative facts, and not classify or characterize them— Pleading in action for divorce and alimony where more than one of statutory causes are relied upon.**

MARSHALL, C. J.

1. In pleading a cause of action where the relief sought may be predicated upon one or more grounds the pleader should allege operative facts and need not characterize the facts alleged or classify them under the respective nominal grounds of such relief.

2. An action for divorce, though more than one of the statutory causes may be relied upon, constitutes a single cause of action and operative facts may support more than one of the causes relied upon. In such event it is not necessary to classify the allegations under the respective statutory causes and even though certain allegations more particularly applicable to one statutory cause may be wholly insufficient to sustain that cause independently of the other causes, such allegations are pertinent and may be considered for the purpose of lending weight and color to other causes more particularly relied upon.

Judgment reversed.

Matthias, Day and Allen, JJ., concur. Jones, J., concurs in the judgment. Wanamaker, J., not participating.

---

No. 18236—William M. Sponseller v. Sadie Sponseller. Error to the Court of Appeals of Crawford county.

**DIVORCE AND ALLIMONY—Court may approve an agreement adjusting—Consent decree not to be collaterally attacked—Husband estopped when.**

JONES, J.

1. In a case where a wife sues for alimony, a court has the power to approve an agreement made by the husband and wife adjusting such alimony.

2. Where a court acquires jurisdiction over such subject-matter and the parties, a consent decree adjusting alimony cannot be collaterally attacked.

3. If such decree has been fraudulently procured, or obtained without consent, a party may have such consent decree vacated at the same term, or thereafter vacated or modified under Sections 11631 and 11635, General Code.

4. Where a wife petitions for alimony, and the court by decree has approved an agreement between the husband and wife adjusting alimony, whereby the husband agrees to convey property to the wife on condition that she resumes martial relations with him, and thereafter she, in good faith, carries the agreement, the husband is estopped from collaterally attacking the validity of such decree.

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur. Matthias, J., concurs in propositions 1 and 2 of the syllabus and in the judgment. Wanamaker, J., not participating.